UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ESTATE OF MELISA MARSH by Personal Representative/Administratrix, Jennica Little, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. _____ <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, ESTATE OF MELISA MARSH by Personal Representative/Administratrix, Jennica Little, hereby sue the United States of America. For their causes of action, ESTATE OF MELISA MARSH by Personal Representative/Administratrix, Jennica Little, state the following:

## INTRODUCTION AND PARTIES

1. Melisa Marsh, deceased, was a resident of Rutherford County and passed away on November 10, 2022, in Rutherford County, Tennessee.

2. Jennica Little, was appointed Administratrix of Melisa Marsh's Estate on or about October 13, 2023.

3. ESTATE OF MELISA MARSH by Personal Representative/Administratrix, Jennica Little, shall be referred to hereinafter as "Plaintiff".

4. An individual believed to be named Carlos Garcia was involved in the crash at issue in this case with the Plaintiff. Hereinafter, this individual shall be referred to as "Carlos Garcia ".

5. At all relevant times, Carlos Garcia was acting within the scope of his office or

employment with The United States Postal Service. Specifically, it is believed he was employed by the United States Postal Service or was in some other way legally connected to the United States Postal Service.

6. On or about November 4, 2022, Carlos Garcia was involved in a motor vehicle crash while acting within the scope of his office or employment with the Defendant.

7. Defendant, The United State of America, is liable and/or responsible for the negligence, wrongful act(s) and/or omission(s) of Carlos Garcia with respect to the matters at issue in this case.

8. Defendant, The United States of America, is subject to the Federal Tort Claims Act and subject to the jurisdiction of this Court pursuant to 28 U.S.C.A. §1402(b).

9. Plaintiff brings this action against the Defendant under the Federal Tort Claims Act, 28 § U.S.C.A. 1346(b)(1) and 28 § U.S.C.A. 2671 et seq., based upon the negligence, wrongful act(s) and/or omission(s) of Carlos Garcia as detailed in part below.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this Complaint under 28 § U.S.C.A. 1331 and 1346(b).

11. Plaintiffs properly exhausted their administrative remedies as required by the Federal Tort Claims Act.

12. Venue is proper with this District under 28 § U.S.C.A. 1402(b) because the Plaintiffs reside in this district and because the act or omission complained of occurred in this district.

## FACTS

13. On or about November 4, 2022, while acting within the scope of his office or employment with the Defendant, Carlos Garcia's negligence, wrongful act(s) and/or omission(s) caused a crash to occur between the vehicle he was driving and a vehicle being driven by Melisa Marsh on Almaville/Country Village Drive near Smyrna, Rutherford County, Tennessee. Hereinafter, this event shall be referred to as "the collision."

14. As a result of Carlos Garcia's negligence, wrongful act(s) and/or omission(s) and the collision, Plaintiff suffered damages, including, but not limited to, physical pain and suffering, mental anguish, emotional distress, potentially permanent injuries, property damage, and a diminished capacity for enjoyment of life.

15. Because of the medical care required and actually given in the treatment of Plaintiff's injuries, Plaintiff incurred expenses.

16. Such common law acts of negligence by Carlos Garcia proximately causing the collision and Plaintiff's damages include, but are not limited to, his:

    a. Failure to use reasonable care.

17. Such statutory acts of negligence by Carlos Garcia proximately causing the collision and Plaintiffs' damages include, but are not limited to, his:

    a. Failing to exercise due care in violation of Tenn. Code Ann. § 55-8-136; and

18. Plaintiff alleges that all the aforementioned acts and omissions by Carlos Garcia, constitute negligence and that these wrongful acts and omissions were proximate causes of the collision and Plaintiff's damages for which Defendant is liable and/or responsible.

WHEREFORE, the Plaintiff demands judgments against Defendant for all available damages in the amount of $704,425.00 for Plaintiff, an award of discretionary costs and court costs, prejudgment and post-judgment interest and any further possible relief available to Plaintiffs.

Respectfully submitted,

BART DURHAM INJURY LAW

*By: /s/Blair P. Durham*
Blair P. Durham, BPR #021453
406 11th Avenue North, Ste. 200
Nashville, TN 37219
(615) 242-9000
blairdurham@bartdurham.net
Attorneys for Plaintiffs